Jose De Jesus MARTINEZ–MECHACA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–70464.

Agency No. A93–222–528.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Sept. 19, 2003.

J. Jack Artz, South Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wernery,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thankful T. Vanderstar, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

### MEMORANDUM**

Jose De Jesus Martinez–Mechaca, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion, *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), and we deny the petition.

Because Martinez–Mechaca failed to depart the United States by the date specified in his voluntary departure order, the BIA properly denied his motion to reopen the removal proceedings to apply for adjustment of status. *See* 8 U.S.C. § 1229c(d) (alien who fails to comply with voluntary departure order is ineligible for any further relief, including adjustment of status, for a period of 10 years). We reject Martinez–Mechaca's contention that the agency's delay in processing the visa petition that his wife filed on his behalf excuses his failure to depart. Section 1229c(d) does not provide for consideration of exceptional circumstances. *See id.*

We also reject Martinez–Mechaca's contention that the Legal Immigration Family Equity Act of 2000 ("LIFE Act") allows him to remain in the United States to seek adjustment of status. The LIFE Act does not alter the 10–year statutory bar to adjustment of status mandated by section 1229c(d) for aliens who fail to comply with

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

a voluntary departure order. *See* 8 U.S.C. § 1255(i).

### PETITION FOR REVIEW DENIED.